UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RICHARD RICHARDSON,

                        Plaintiff,                         **MEMORANDUM & ORDER**
                                                                                     21-CV-6042 (PKC) (LB)

        -against-

JANE DOE, Train Dispatch, Long Island Station;
JOHN DOE, LIRR Floor Attendant; JOHN DOE,
Porter; JOHN and JANE DOE, Long Island
Railroad Police,

                        Defendants.
-------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

        On October 27, 2021, Plaintiff Richard Richardson, appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendants alleging violations of his constitutional rights. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's complaint is dismissed without leave to amend.

## BACKGROUND

        Plaintiff, a houseless person, alleges that he was attacked by another houseless person at a Long Island Rail Road ("LIRR") station located in Brooklyn, New York, on October 9, 2021, between 5:30 and 6:30 a.m. (Dkt. 1, ECF 5.)[1] Plaintiff alleges that the incident occurred within the view of two unnamed Metropolitan Transit Authority ("MTA")[2] employees, a porter and a train dispatch booth occupant, who should have called the police. (*Id.*, ECF 9, 12–13.) Plaintiff also alleges that the MTA

---

[1] "ECF" refers to the pagination generated by the CM/ECF docketing system and not the document's internal pagination.

[2] The LIRR is part of the MTA and the police officers are part of the MTA Police.

1

Police should have seen the incident on video camera and come to his aid, but "no one came to stop [the alleged] attack." (*Id.*)  Plaintiff does not allege any injuries but asserts that Defendants' failure to come to his aid violates his constitutional rights and seeks $3,000,000 in damages. (*Id.*, ECF 4, 6.)

## STANDARD OF REVIEW

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).  A complaint, however, must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets, and citation omitted).  The Court must dismiss a case if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

To state a claim under section 42 U.S.C. § 1983, a plaintiff must allege that state officials, acting under color of state law, deprived him of a right guaranteed to him by the Constitution or federal law. 42 U.S.C. § 1983; *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).  It is well settled that "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.'s*, 489 U.S. 189, 195 (1989).  "As a general matter, . . . a State's failure to protect an individual against

private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197.  There are only two "exceptional circumstances" in which "a governmental entity may have a constitutional obligation to provide protection:" (1) "a special relationship with an individual," which requires "involuntary custody" or (2) "because the governmental entity itself has created or increased the danger to the individual." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 533 (2d Cir. 1993) (citing *DeShaney*, 489 U.S. at 198); *Matican v. City of New York*, 524 F.3d 151, 156 (2d Cir. 2008) (collecting cases requiring involuntary custody).

Liberally construed, Plaintiff asserts a due process claim against the MTA Police and the LIRR employees for failure to protect him from the alleged attack by a private actor.  As discussed herein, the alleged facts do not rise to the level of a violation of Plaintiff's substantive due process rights.  *See DeShaney*, 489 U.S. at 197.  Moreover, nothing in the Complaint suggests that either the special relationship exception or the state-created-danger exception is applicable to this action.  Accordingly, Plaintiff's Complaint against Defendants is dismissed for failure to state a claim without leave to amend. 28 U.S.C. § 1915(e)(2)(B).

## FILING INJUNCTION WARNING

The ability to litigate *in forma pauperis* is regarded as a privilege and may be denied if abused. *In re Anderson*, 511 U.S. 364 (1994); *In re Sindram*, 498 U.S. 177, 179–180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."); *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (The ability to proceed *in forma pauperis* "is not a constitutional right, but rather a congressionally created benefit.").  The Second Circuit has held that a district court not only has the authority, but also an obligation, to deny this benefit to a litigant who has demonstrated a history of filing frivolous and vexatious claims.  *See In re Martin–Trigona*, 737 F.2d

1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). However, it is "[t]he unequivocal rule in this Circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)).

Plaintiff has a protracted litigation history in this Court.[3] Accordingly, the Court warns Plaintiff that it will not tolerate frivolous litigation and that if he persists in filing frivolous or vexatious actions, the Court may enter an Order barring the acceptance of any future *in forma pauperis* complaint for filing without first obtaining leave of the Court to do so. 28 U.S.C. § 1651; *see, e.g.*, *In re Martin-Trigona*, 9 F.3d 227, 227–29 (2d Cir. 1993); *Iwachiw*, 396 F.3d at 529; *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (a district court has the authority to issue a filing injunction when "a plaintiff

---

[3] Plaintiff has filed the following cases in the Eastern District of New York: (1) *Richardson v. Robinson*, No. 19-CV-6911 (PKC) (dismissal) (closed Dec. 20, 2019); No. 19-4346 (2d Cir.) (appeal dismissed) (May 29, 2020); (2) *Richardson v. Diancira*, No. 19-CV-1208 (PKC) (dismissal) (closed March 26, 2019); No. 19-901 (2d Cir.) (appeal dismissed) (Aug. 28, 2018); (3) *Richardson v. Simmons,* No. 17-CV-2479 (PKC) (dismissal) (closed April 11, 2018); No. 18-1882 (2d Cir.) (appeal dismissed) (Nov. 21, 2018); (4) *Richardson v. Police Officer John Doe*, No. 16-CV-2407 (PKC) (dismissal for failure to state a claim) (closed June 15, 2016); No. 16-2222 (2d Cir.) (appeal dismissed) (Dec. 13, 2016); (5) *Richardson v. Wilson*, No. 15-CV-5607 (ARR) (dismissal for lack of subject matter jurisdiction) (closed Oct. 14, 2015); (6) *Richardson v. Amtrak Police*, No. 14-CV-1919 (ARR) (transferred to Southern District of New York) (closed Apr. 4, 2014); (7) *Richardson v. NYC Police Dep't*, No. 12-CV-5753 (ARR) (dismissed after bench trial) (closed June 12, 2014); (8) *Richardson v. MTA*, No. 12-CV-5424 (ARR) (dismissal for lack of subject matter jurisdiction) (closed Nov. 8, 2012); (9) *Richardson v. NYC*, No. 09-CV-4647 (ARR) (stipulation and settlement) (closed Nov. 13, 2012); (10) *Richardson v. NYC*, No. 07-CV-2672 (ARR) (transferred to Southern District of New York) (closed July 31, 2007); (11) *Richardson v. YMCA*, No. 07-CV-2472 (ARR) (stipulation and settlement) (closed Dec. 7, 2007); (12) *Richardson v. NYC Kings County Hospital*, No. 05-CV-3415 (ARR) (stipulation and settlement) (closed Mar. 9, 2007); (13) *Richardson v. City of New York*, No. 04-CV-4153 (ARR) (stipulation and settlement) (closed Apr. 1, 2005).

abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." (internal quotation marks and citations omitted).)

## CONCLUSION

The Complaint is dismissed for failure to state a claim without leave to amend. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is warned against future frivolous or vexatious filings. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 30, 2021
      Brooklyn, New York